## HENRY SANDERS v. STATE.

No. A-1702.   Opinion Filed October 25, 1913.

Appeal from District Court, Tulsa County;
L. M. Poe, Judge.

Henry Sanders was convicted of aggravated assault, and appeals. Affirmed.

Davidson & Williams, for plaintiff in error.

Chas. West, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Pat Malloy, Co. Atty., for the State.

PER CURIAM.   This appeal is prosecuted from a judgment of the district court of Tulsa county, rendered on the 18th day of November, 1911, wherein the court, in accordance with the verdict of the jury, sentenced the defendant to be confined for a term of thirty days in the county jail.   The evidence shows that Billy Harvey, the complaining witness, saw the defendant, Henry Sanders, on the day alleged, about 6 p. m., at Mose Miller's place, a road house, a short distance northeast of the city of Tulsa.   Harvey was driving a livery auto car and left Miller's and came to Tulsa, and returned to Miller's about 11 o'clock that night, but between the time he left Miller's and his return he was at another road house known as Cy Husted's, and there met the defendant.   Harvey went to the Miller's place about 11 o'clock at night in obedience to a telephone message from some parties there, asking him to come out and get them and bring them to town.   When he reached Miller's place the defendant was there with a man by the

name of Tobe Lucky and two women. They came to the car, one of the women took the seat in front by Harvey and the defendant and the other woman took the back seat. Harvey asked Lucky if he was going to pay Sander's way. Lucky answered that he was not. Harvey then asked the defendant for his fare in advance. The defendant responded that he did not propose to pay any. Harvey answered that he did not propose for the defendant to beat him. The woman sitting beside Harvey asked him to make the defendant get out of the car, as she had hired the car. Harvey then asked defendant to get out of the car. After some few words the defendant got out and stood by· the car, and tried to get the other passengers to get out, saying if they would get out and wait for him he would get another car; they told him they did not care to do that, and the woman in the front seat told Harvey to go ahead. Harvey reached forward to get his lever and Sanders stepped on the car and hit at him with his fist, the night was dark and the blow struck the woman sitting at Harvey's side, and knocked her down in front of the car. Harvey jumped out of the car and knocked the defendant down and got on top of him. The defendant commenced to cut him with a knife, cut him five times. Harvey hallooed for somebody to pull defendant off, as he was cutting him to pieces. In the wind-up of the struggle on the ground the defendant became the uppermost man. Somebody pulled him off of Harvey. Harvey then came to town in his own car and his wounds were dressed by two physicians. Defendant claimed that the cutting was done in self-defense. The errors relied upon for a reversal of the judgment are that the information is insufficient to charge the crime of assault with intent to kill, and that the court erred in giving certain instructions and in refusing to give instructions requested by defendant. The information is sufficient to charge an assault with intent to kill, and we do not find anything in the charge of the court to warrant the exceptions taken to it. Upon the whole case we are of opinion that there is no prejudicial error in the proceedings. We think the plaintiff in error was extremely fortunate in escaping with a punishment of thirty days in jail for the assault committed by him. The evidence of disinterested witnesses show that he was the aggressor. The judgment of the lower court is therefore affirmed.